IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>I. LEWIS LIBBY,<br>    also known as "Scooter Libby,"<br><br>Defendant.<br><br>ANDREA MITCHELL,<br><br>Movant. | Case No. 07-MC-00057 (RBW) |

**REPLY MEMORANDUM IN SUPPORT OF MOTION OF NON-PARTY
ANDREA MITCHELL TO QUASH SUBPOENA IN PART**

Non-party Andrea Mitchell respectfully submits this reply memorandum in support of her motion to quash in part the subpoena *ad testificandum* issued to her in this proceeding by defendant I. Lewis Libby ("Defendant").

The applicable law in this Circuit is unambiguously set forth in *United States v. Johnson*, 802 F.2d 1459 (D.C. Cir. 1986). In that case, the Court of Appeals made clear that, although a party may generally impeach its own witness, it may not pose a question to such a witness when it in fact "knows" that the response will be unfavorable in order to "impeach that witness by introducing, under Fed. R. Evid. 613(b), an earlier, hearsay statement favorable[e] to that party's case." *Id.* at 1466. In this Circuit, such "bootstrapping" is entirely "impermissible" and "improper" because it is nothing more than a "subterfuge to get before the jury evidence not otherwise admissible." *Id.* (citation omitted).

Defendant's attempts to distinguish *Johnson* do not withstand analysis:

1.   Defendant's argument is premised on the assertion that, unlike in *Johnson*, "nobody" in this case "knows how Ms. Mitchell will testify at trial" and that he is "hopeful" that she will testify that "she learned about Ms. Wilson's employment at the CIA prior to July 14, 2003, perhaps because she heard a rumor or learned of a –buzz‹ about why Mr. Wilson was selected for his trip to Niger." Opp. at 9, 11 (initial capital letters omitted).  In fact, Defendant knows full well that Ms. Mitchell will give no such testimony, both because she has so stated publicly on multiple occasions, *see* Motion at 4 (quoting Ms. Mitchell), and because her counsel so represented, on her behalf, in open court on Thursday:

> Your honor, very briefly, three points. . . .  Number one, I am representing to you as an officer of the Court that Ms. Mitchell, if called to testify on these matters, would testify that she heard no rumor, that she had no information and no knowledge about the wife of Ambassador Wilson prior to the Novak column.  I'm representing that.

Transcript, Feb. 8, 2007, at 84 (p.m. session).  If the Court deems it necessary, Ms. Mitchell is prepared to provide a sworn declaration to that effect.

2.   Defendant asserts that the rule set forth in *Johnson* only applies in a criminal case where the party offering the testimony is the Government.  Opp. at 14-15. In fact, the Court of Appeals not only made no such distinction in *Johnson*, it expressly articulated a standard applicable to all parties:

> There is no authority, in the Federal Rules of Evidence or elsewhere, suggesting that *a party* may call on rebuttal a witness – who *the party* knows will not offer any relevant evidence – and then impeach that witness by introducing, under Fed. R. Evid. 613(b), an earlier, hearsay statement favorable to *that party's* case. Indeed, the case law is to the contrary.  Impeachment evidence is to be used solely for the purpose of impeachment, and it may not

2

> be "employed as a mere subterfuge to get before the jury evidence not otherwise admissible."

802 F.2d at 1466 (emphasis added) (citing *United States v. Morlang*, 531 F.2d 183, 190 (4th Cir. 1975)). This is a rule of evidence, applicable across the board to all parties in criminal and civil cases. No litigant, including a criminal defendant, is entitled to engage in "subterfuge" and circumvent the hearsay rules "to get before the jury evidence not otherwise admissible." *Id.*

      3.      Defendant contends that the *Johnson* rule does not apply because he "intends to call Ms. Mitchell for other good-faith purposes as well," specifically to elicit testimony that in a "telephone conversation with Mr. Libby on July 8, 2003," they did *not* discuss Ambassador Wilson's wife. Opp. at 13 (initial capital letters omitted). This contention is doubly flawed. First, Defendant is arguing out of both sides of his mouth – the "other" testimony he seeks to elicit from Ms. Mitchell (*i.e.,* that she did not discuss "the wife" with Defendant when she had him on the phone on July 8) is entirely inconsistent with both the hearsay evidence he seeks to put before the jury and the wildly speculative theory it is designed to bolster (*i.e.,* that Ms. Mitchell not only had heard "rumors" about "the wife" by July 8, she had discussed them with Mr. Russert and he in turn discussed them with Defendant two days later). Second, as the leading treatise on the subject explains, the *Johnson* rule is not abrogated where, as here, by calling a witness to elicit favorable testimony, a party does not open itself to further, unfavorable testimony by that witness that it is precluded from impeaching. *See* M. Graham, Handbook of Federal Evidence § 607.3 n.17 (6th ed. 2006). In this case, Defendant can certainly "elicit the helpful testimony without eliciting the known harmful testimony as well," leaving it to the Government to determine whether to seek to "elicit the harmful

3

testimony" on cross-examination. *Id.* If the Government does so, Defendant can then "impeach with the prior inconsistent statement"; if it does not, the Defendant is not prejudiced in any way. *Id.*

    4.    In the last analysis, there can be no doubt that Defendant seeks to engage in precisely the kind of "subterfuge" that *Johnson* expressly prohibits – to place Ms. Mitchell's prior hearsay statement before the jury in order to establish its truth. He does so in the service of his theory – premised on nothing more than serial speculation – that *if* Ms. Mitchell had heard "rumors" about Ambassador Wilson's wife prior to the Novak column, and *if* she had then communicated those rumors to Mr. Russert, *then* Mr. Russert may well have had them in his memory and may have *then* shared them with Defendant. The problem with this analysis is that it is not supported by a shred of admissible evidence, is flatly inconsistent with Mr. Russert's own testimony, and will not be reflected in the "truthful testimony" that Defendant says he seeks "to elicit" from Ms. Mitchell. Opp. at 11.

## CONCLUSION

For the foregoing reasons, and those set forth in her initial memorandum of points and authorities, Non-party Movant Andrea Mitchell respectfully requests that the subpoena issued by Defendant be quashed in part.

4

Dated: February 10, 2007          Respectfully submitted,


LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.


By: /s/ Lee Levine
    Lee Levine (D.C. Bar No. 343095)
    Adam J. Rappaport (D.C. Bar No. 479866)
1050 Seventeenth Street, N.W.
Suite 800
Washington, DC  20036
(202) 508-1100

Susan E. Weiner
National Broadcasting Company
30 Rockefeller Plaza
New York, NY  10112
(212) 664-2806

*Counsel for Non-party Movant Andrea Mitchell*

**CERTIFICATE OF SERVICE**

  I hereby certify that, on this 10th day of February 2007, I caused a true and correct copy of the foregoing Reply Memorandum in Support of Motion of Non-Party Andrea Mitchell to Quash Subpoena in Part to be served by the Court's Electronic Case Filing System upon all parties scheduled for electronic service.

                /s/ Adam J. Rappaport
                Adam J. Rappaport